UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VERLESHIA S. ELLIS,

Plaintiff,

v.

CITY OF MILWAUKEE, a body politic,

EDWARD A. FLYNN, individually, and in his official capacity as Chief of Police, City of Milwaukee Police Department,

MICHAEL KARWOSKI, individually, and in his official capacity as Police Sergeant, City of Milwaukee Police Department,

CHRISTINE MARSHALL, individually, and in her official capacity as Police Officer, City of Milwaukee Police Department,

and

MICHAEL J. FLANNERY, individually, and in his official capacity as Police Officer, City of Milwaukee Police Department,

Defendants.

**COMPLAINT**
Civil Action No.

[Trial By Jury Demanded]

## I. INTRODUCTION

1. This is a civil rights action for damages brought by Verleshia S. Ellis, who was subjected to an illegal stop, seizure, arrest, and body cavity search and assault while in the custody of City of Milwaukee Police Department employees Michael Karwoski, Christine Marshall, and Michael Flannery. This conduct occurred pursuant to City of Milwaukee policy

and a widespread practice in racial minority communities, and was directed and supervised by Chief of Police Edward A. Flynn.

## II. JURISDICTION

2. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

## III. PARTIES

3. Verleshia S. Ellis is an African-American adult resident of the City of Milwaukee, Wisconsin.

4. The City of Milwaukee is a body politic, organized under the laws of the State of Wisconsin, whose address is 200 East Wells Street, Room 205, Milwaukee, Wisconsin, 53202. The City of Milwaukee operates and controls the City of Milwaukee Police Department pursuant to its official policies, practices, and customs. The City of Milwaukee is liable for the acts and omissions described herein by Edward A. Flynn, Michael Karwoski, Christine Marshall, and Michael J. Flannery, which were committed under color of law and within the scope of their respective employment. The City of Milwaukee is also liable for the acts and omissions of its employees and agents, because its policies, practices, and customs caused the complained-of violations asserted herein. The City of Milwaukee is required by law, pursuant to Wis. Stats. § 895.46(1)(a), to pay and indemnify all judgments, including compensatory and punitive damages, attorney's fees, and costs awarded against its officials, employees, and agents.

5. Edward A. Flynn is the Chief of the City of Milwaukee Police Department. He acted under color of law as an employee of the City of Milwaukee. He is sued in his official and individual capacities.

6. Michael Karwoski is a sergeant with the City of Milwaukee Police Department. He acted under color of law as an employee of the City of Milwaukee. He is sued in his official and individual capacities.

7. Christine Marshall is a police officer with the City of Milwaukee Police Department. She acted under color of law as an employee of the City of Milwaukee. She is sued in her official and individual capacities.

8. Michael J. Flannery is a police officer with the City of Milwaukee Police Department. He acted under color of law as an employee of the City of Milwaukee. He is sued in his official and individual capacities.

## IV. STATEMENT OF FACTS

9. On September 21, 2011, Verleshia Ellis was sitting in the front passenger seat of an automobile parked in front of 3126 N. 11th Street, Milwaukee, Wisconsin. Another African-American individual was standing outside the automobile talking to Ms. Ellis. At that time, multiple City of Milwaukee Police Department squad cars approached and blocked the parked automobile.

10. City of Milwaukee Police Officer Michael J. Flannery, one of five officers who converged on the scene, asserted that the basis for the stop and seizure of plaintiff was because the vehicle in which the plaintiff was sitting was parked more than twelve inches from the curb. This assertion was false because no measurements were taken by any police officer at any time of the distance the vehicle was parked from the curb and the distance between the vehicle and the curb was not twelve inches or greater. No other factual basis was asserted by any police officer or existed to justify the resultant arrest and body cavity search of plaintiff. Parking a vehicle more than twelve inches away from a curb is not a criminal offense in the state of Wisconsin.

11. City of Milwaukee Police Officer Flannery ordered plaintiff to get out of the vehicle and then performed a physical "pat down" search of Ms. Ellis's person, but did not find any weapon, drugs, contraband, or any items of any legitimate police interest. Nevertheless, Officer Flannery ordered the plaintiff to remain in custody on the scene.

12. At 11:26 p.m., Officer Flannery called via his police radio for a "record check" of Ms. Ellis. Officer Flannery was advised that Ms. Ellis did not have an outstanding warrant for her arrest.

13. City of Milwaukee police officers then searched the vehicle in which the plaintiff had been seated, but no weapon, drugs, contraband, or evidence of a crime were found.

14. Officer Flannery, nevertheless, refused to release plaintiff from police detention. Officers then handcuffed Ms. Ellis and ordered her to sit on the public curb near where the vehicle was parked under *de facto* arrest. Officers questioned plaintiff about drugs, but she repeatedly told the officers that she did not possess any drugs.

15. Sergeant Michael Karwoski called via his police radio and ordered that a female police officer be dispatched to conduct a "female search" of the plaintiff who remained under his direct control and detention. Sergeant Karwoski took no action to request a search warrant.

16. Officers then ordered plaintiff to remain detained and handcuffed while they waited for a female police officer to arrive and perform the "female search" of her ordered by Sergeant Karwoski. Plaintiff remained in handcuffs, sitting on the curb, for over one hour while the officers waited for the female officer to arrive. No warrant was ever requested by any defendant and no legal basis existed for plaintiff's continued detention and *de facto* arrest in handcuffs on a public curb.

17. At about 12:27 a.m. on September 22, 2011, City of Milwaukee Police Officer Christine Marshall arrived on the scene and ordered plaintiff, still in handcuffs, to stand up from the curb and proceed towards a squad car parked directly in front of 3126 N. 11th Street.

18. Members of the public were standing on the front porch at 3126 N. 11th Street and watched Ms. Ellis' public humiliation which occurred directly in front of them.

19. In full public view, Officer Marshall put on rubber gloves and searched plaintiff's bra and under plaintiff's breasts from outside her clothing. Nothing was found.

20. Officer Marshall then ordered plaintiff to sit down in the back seat of the squad car, with her legs facing out the open, rear door of the squad car, in full public view. Officer Marshall then ordered plaintiff to pull down her pants and panties, lay down, and spread her legs. Under great emotional duress, plaintiff complied.

21. Officer Marshall then told plaintiff that she was going to search inside plaintiff's vagina. In full public view, Officer Marshall bent down outside the squad car, shined a flashlight on plaintiff's vagina, and inserted multiple fingers inside plaintiff's vagina, which caused physical pain and severe emotional distress.

22. With the same gloved hand, Officer Marshall then inserted her finger inside plaintiff's rectum, which caused additional physical pain and severe emotional distress. Nothing was located during either of the intrusive searches of plaintiff's vagina and rectum.

23. Officer Marshall then ordered plaintiff out of the squad car. Plaintiff stood up outside the squad car and pulled her panties and pants back up while members of the public continued to watch.

24. Throughout the body cavity search, Officer Marshall was observed by both Sergeant Karwoski and Officer Flannery, who also secured the scene and otherwise supported

and ratified Officer Marshall's conduct. No officer on the scene objected to the body cavity search of plaintiff.

25. Plaintiff was not charged with any crime as a result of this incident and she was not issued a City of Milwaukee citation for any vehicle-related or other ordinance violation. Nor was a City of Milwaukee parking citation ever issued for the vehicle in which she had been a passenger.

26. City of Milwaukee Police Department Chief Edward A. Flynn knowingly created, implemented, and maintained policies and practices since 2008 that authorized officers to stop, detain, arrest, and conduct body cavity searches of individuals without a warrant or any other legal justification for such intrusive searches. Chief Flynn also failed to train, supervise, and discipline officers with respect to legal restrictions on conducting body cavity searches, even after the resultant widespread practice of these searches became known to him.

27. The City of Milwaukee's policy and practice of engaging in warrantless body cavity searches targeted racial minorities in the City of Milwaukee, and has never been applied, upon information and belief, to any white female resident of the City of Milwaukee with respect to any asserted vehicle parking violation.

28. At least thirty-five individuals have filed federal court civil rights lawsuits against City of Milwaukee Police Department officers asserting similar unconstitutional strip searches or body cavity searches conducted against racial minorities between 2008 and 2012.

## V. STATEMENT OF CONSTITUTIONAL CLAIMS

29. Defendants Michael Karwoski and Michael J. Flannery unlawfully stopped, seized, and arrested Ms. Ellis in violation of the Fourth Amendment and also violated plaintiff's liberty and equal protection rights under the Fourteenth Amendment to the U. S. Constitution.

30. Defendants Michael Karwoski, Michael J. Flannery, and Christine Marshall subjected Ms. Ellis to an unlawful body cavity search in violation of the Fourth Amendment and also violated plaintiff's liberty and equal protection rights under the Fourteenth Amendment to the U. S. Constitution.

31. City of Milwaukee Chief of Police Edward A. Flynn authorized, tolerated, and ratified official policies and practices, pronounced and *de facto*, including:

a) the deliberate failure to implement appropriate policies and practices necessary to protect members of the public from unlawful stops, seizures, arrests, and body cavity searches; and

b) the deliberate failure to train, supervise, and discipline officers with regards to constitutional limitations on police stops, seizures, arrests, and body cavity searches.

These policies and practices caused the deprivation of plaintiff's constitutional right to be free from unreasonable searches and seizures under the Fourth Amendment and violation of plaintiff's liberty and equal protection rights under the Fourteenth Amendment to the U. S. Constitution.

32. The defendants' actions and reckless violation of their respective constitutional duties, as detailed above, caused the plaintiff to also suffer physical and emotional injury.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully demands a jury trial and prays that this Court:

1. Enter judgment for plaintiff against each defendant, jointly and severally, awarding compensatory and punitive damages.

2. Award pre-judgment and post-judgment interest, together with costs, disbursements, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

3. Award such other relief as may be just and equitable.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2014.

FIRST, ALBRECHT & BLONDIS, S.C.

/s/ Lawrence G. Albrecht
Lawrence G. Albrecht
lalbrecht@fabattorneys.com
State Bar. No. 1006324

/s/ James P. End
James P. End
jend@fabattorneys.com
State Bar No. 1032307

/s/ Jeanette K. Corbett
Jeanette K. Corbett
jcorbett@fabattorneys.com
State Bar No. 1033978

Broadway Theatre Center
158 North Broadway, Suite 600
Milwaukee, WI 53202
Telephone: (414) 271-1972
Facsimile: (414) 271-1511

Attorneys for Plaintiff